United States Court of Appeals,

Fifth Circuit.

No. 93-2882.

NATEC, INC. and Natec Resources, Inc., Plaintiffs-Appellants,

v.

DETER COMPANY, et al., Defendants.

DETER COMPANY, Defendant-Appellee,

v.

BENETECH, Defendant-Appellant.

Aug. 8, 1994.

Appeal from the United States District Court for the Southern District of Texas.

Before KING, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:

I.

Appellants, Natec, Inc., Natec Resources, Inc., and Benetech, hold licenses to operate a patent owned by appellee, Deter Company. The license agreements were entered into following settlement of separate patent infringement lawsuits in courts other than the Southern District of Texas, where this suit was filed. The instant suit sought various types of relief, including a declaration that the license agreements were unenforceable. This particular claim for relief alleged that the patent, which is the subject of the license agreements, expired before the termination date of the license agreement, and that Deter could not enforce the license agreement after expiration of the patent. Deter filed motions for summary judgment urging the district court to give res judicata

1

effect to the earlier consent judgments and settlements. The district court essentially agreed with appellee's plea of res judicata and dismissed plaintiffs' suit.

## II.

We are persuaded that we lack jurisdiction to consider this appeal. Under 28 U.S.C. § 1295(a), the Federal Circuit has exclusive jurisdiction of an appeal where the district court's jurisdiction was based, in whole or in part, on 28 U.S.C. § 1338. Section 1338(a) provides: "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents...."

The district court's jurisdiction in this case was based in part on § 1338. The right of the patent holder, Deter, to enforce the settlement agreements and obtain royalties for use of the patent after it expires is a substantial question of federal patent law. *See Brulotte v. Thys Co.,* 379 U.S. 29, 85 S.Ct. 176, 13 L.Ed.2d 99 (1964); *Hemstreet v. Spiegel, Inc.,* 851 F.2d 348 (Fed.Cir.1988). Because the plaintiffs' right to relief depends upon resolution of a substantial question of federal patent law, exclusive jurisdiction over this appeal is vested in the Federal Circuit. *See Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 809, 108 S.Ct. 2166, 2174, 100 L.Ed.2d 811 (1988); *Wang Laboratories v. Applied Computer Sciences,* 926 F.2d 92, 94 (1st Cir.1991).

We therefore transfer this appeal to the Federal Circuit pursuant to 28 U.S.C. § 1631. The clerk of this court is directed

2

to transmit the record, briefs, and other documents relating to this appeal to the clerk of the Federal Circuit.

APPEAL TRANSFERRED.